**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHELLE AVERY BEY,

    Plaintiff - Appellant,

v.

DAVID HARPER; MATTHEW
WILLARD; TYRONE GARNER;
ROBERT BURNS; WENDY
GREEN; DONALD TRACY,

    Defendants - Appellees.

No. 23-3231
(D.C. No. 2:23-CV-02125-EFM-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

This suit grew out of Ms. Bey's challenge to an assessment of

property taxes. In this challenge, Ms. Bey claimed that tax authorities had

erroneously classified her property as commercial. To collect these taxes,

---

[*] The parties have not requested oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

authorities seized Ms. Bey's car and obtained an order requiring her to sell property. She ultimately redeemed the property by paying the disputed taxes.

The district court dismissed the action based on (1) a lack of jurisdiction based on the Tax Injunction Act and (2) an absence of standing.[1] We conduct de novo review of the dismissal. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).[2]

The Tax Injunction Act generally prohibits injunctions to prevent collection of state taxes. 28 U.S.C. § 1341. An exception exists when the taxpayer's state-court remedy is inadequate. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981).

Ms. Bey argues on appeal that (1) she's challenging the defendants' conduct, not the taxes themselves; (2) she's seeking damages rather than an injunction; and (3) the state-court remedy is inadequate.

We've rejected the first two arguments in other cases holding that the Tax Injunction Act applies to claims involving

- administration of a tax, *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986), and

---

[1] The district court also denied a motion to reconsider, but Ms. Bey challenges only the dismissal itself.

[2] One defendant, Mr. Donald Tracy, obtained summary judgment. Ms. Bey waived a challenge to this ruling by failing to discuss it in her opening brief. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).

2

- damages, *Marcus v. Kan. Dep't of Revenue.*, 170 F.3d 1305, 1309 (10th Cir. 1999).

We also reject Ms. Bey's challenge to the adequacy of the state-court remedy. The state procedures allow taxpayers to protest an assessment of property taxes. Kan. Stat. Ann. § 79-2005. Under this procedure, taxpayers can meet with the county appraiser to protest a tax. If the meeting doesn't resolve the disagreement, the taxpayer can obtain review by the state board of tax appeals and pursue relief in state court. Kan. Stat. Ann. § 79-2005(a), (g); Kan. Stat. Ann. § 74-2426(c).

Ms. Bey argues that the state law didn't ensure adequate notice. The district court acknowledged this argument, but ruled that standing didn't exist because Ms. Bey hadn't tied an injury or the defendants to the lack of notice. Given this ruling, Ms. Bey needed to say in her opening brief why the district court had been wrong. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017). She didn't.

She did argue in her reply brief that the defendants bore responsibility for the lack of notice. But the reply brief was too late; by failing to challenge standing in her opening brief, she waived this argument. *See id.*

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4